## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 MAY 23  P 3: 59

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 03-30006-MAP |
| | ) | U.S. DISTRICT COURT |
| v. | ) | DISTRICT OF MASS. |
| | ) | |
| DONALD STAUFFER, | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION TO
### DEPART DOWNWARD

The Defendant, by his undersigned attorney, respectfully moves the Honorable Court based upon 18 U.S.C. § 3553(b), to depart downward from the sentencing guidelines. In support of this motion the Defendant states:

I.  On March 31, 2003, Donald Stauffer offered a plea which was accepted to the charge of traveling with the intent to engage in a sexual act with a juvenile in violation of Title 18, United States Code, Section 2423 (b) in front of Judge Ponsor.

Since the Federal indictment, counsel for the Defendant and the Assistant U.S. Attorney negotiated a plea based on what both parties believed to be the applicable guidelines of thirty to thirty-five months (30-35), which is what the Defendant thought he plead too.

Some time after the plea was accepted, the Assistant U.S. Attorney discovered that there was a mistake in the sentencing guidelines. The applicable sentencing guidelines were forty-six to fifty-seven months (46-57), not the thirty to thirty-five months (30-35) the Defendant thought he plead too.

§5K2.0 states, "The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis." In this case, the Defendant is a 37-year-old man, with a high school education, and with no prior criminal record. He has accepted responsibility for his actions, by entering a plea of guilt in a timely fashion thereby allowing the Court to allocate its resources efficiently.

Further, the victim in this case was not forced, nor was she hurt by the Defendant as she emphasized in a statement made to the Springfield Police Department.

The Defendant was acting with a diminished capacity when he committed this crime. This is a man who had a momentary lapse in judgment and made a poor

life decision. He has always been amenable to therapy because he knows he has a problem and needs help.

§5K2.20 states that a sentence below the applicable guideline range may be warranted for "Aberrant Behavior". The Defendant's behavior falls under this heading.

It is clear that this criminal occurrence was committed without significant planning. He made plans to meet with the victim in this case, but there was no evidence that he planed to have a sexual encounter with her. It was a spontaneous event that occurred once they were together.

There is evidence that the criminal act was limited in duration, because it only happened one time.

Based on the fact the Defendant has no criminal record, this act clearly is a deviation by the Defendant from his law-abiding life.

In Koon v. Untied States, 518 U.S. 81,116 S.Ct. 2035 (1996), the court said , "before departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of the case in the Guideline". Keeping the totality of the circumstances in mind, the Defendant's case is unusual enough for the court to depart downward.

CONCLUSION

For the reasons stated above, the Defendant moves the Court to depart downward from the applicable sentencing guidelines.

Donald D. Stauffer
By his attorney,


Hal Etkin, Esq.
14 Hubbard Ave. 2nd Floor
Springfield, MA 01105
BBO#: 543869
Tel: (413) 739-9950
Fax: (413) 731-8290

Date: 5 / 2 3/03

## CERTIFICATE OF SERVICE

I, Hal Etkin, do hereby certify that on this ⟍3ʳᵈ day of May , 2003, I served a copy of the foregoing upon the Assistant U.S. Attorney.

Hal Etkin