UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-30006-MAP |
| | ) | |
| DONALD STAUFFER, | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following memorandum in opposition of Stauffer's motion for a downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G.") 5K2.0 and 5K2.13. Briefly, Stauffer's motion should be denied because: 1) Stauffer is not entitled to any consideration due to the failure of the parties to recognize that the facts of this case warrant an offense level of 23 rather than 19; 2) Stauffer did not suffer from a significantly reduced mental capacity at the time of the offense; and 3) Stauffer's conduct did not constitute aberrant behavior.

**ARGUMENT**

I. STAUFFER IS NOT ENTITLED TO A DOWNWARD DEPARTURE ON THE BASIS THAT NEITHER HE NOR THE GOVERNMENT ACCURATELY ANTICIPATED THE APPLICABLE GUIDELINE RANGE.

According to Stauffer, this Court should depart downward because neither he nor the government correctly estimated the applicable guideline range at the time that Stauffer entered his guilty plea. Stauffer is correct that the government misrepresented the guideline range. However, at no time did the government agree to a guideline range in this case. Nor was the government's misrepresentation intentional. In addition, although a transcript of the plea colloquy is not available, the government recalls explaining to the Court that the government's guideline calculations are not binding on the Court. Moreover, the government has indicated to defense counsel that it is prepared to seek authorization allowing undersigned counsel to agree to a withdrawal of his guilty plea should he wish to do so. The defendant has declined to pursue this offer. Certainly, it is regrettable that the government miscalculated the guideline range, nonetheless, a departure on this basis is not warranted.

II. THE DEFENDANT DID NOT SUFFER FROM A SIGNIFICANTLY REDUCED MENTAL CAPACITY AT THE TIME OF THE CRIME.

Stauffer has moved for a downward departure based on his claim pursuant to section 5K2.13 that he suffered from a significantly reduced mental capacity which contributed to the commission of the offense. However, other than boldly stating

2

that he experienced a "momentary lapse of judgement and made a poor life decision," Stauffer has failed to produce any evidence to support his claim. Nor is there any evidence in the record before the Court from which it could reasonably conclude that Stauffer committed the instant offense "while suffering from a significantly reduced mental capacity." U.S.S.G. § 5K2.13. Based on the facts set forth in the Presentence Report, no further discussion is necessary. There is simply no basis for a downward departure based on diminished capacity.

III. STAUFFER'S CONDUCT DID NOT CONSTITUTE ABERRANT BEHAVIOR

In United States v. Grandmaison, 77 F. 3d 555 (1st Cir. 1996), the Court held that departures were appropriate if the record suggested that the offense conduct represented aberrant behavior in an otherwise exemplary record. The record in this case does not support the defendant's assertion that his conduct was aberrant. On the contrary, the record shows that Stauffer searched internet chat rooms in an effort to meet and then entice young women into having a relationship with him. Furthermore, Stauffer's claim that he did not plan the sexual encounter at issue belies his own statement to the police wherein he explained that he brought condoms with him because he "wanted to be safe" if he had sex. (See PSR ¶11). Under these circumstances, the sexual activity between Stauffer and the victim simply cannot be characterized as "spontaneous." In short, given Stauffer's

3

pernicious predatory conduct, there is no basis for a downward departure based on aberrant behavior.

**CONCLUSION**

For these reasons, the government respectfully requests that the court deny the defendant's motion for departure from the sentencing guideline range.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By: _____
     Ariane D. Vuono
     Assistant U.S. Attorney

Dated: June 4, 2003

CERTIFICATE OF SERVICE

Hampden, ss.                        Springfield, Massachusetts
                                     June 4, 2003

    I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail on Hal Etkin, Esq., 14 Hubbard Avenue, Springfield, MA 01105.

                                  _____
                                  Ariane D. Vuono
                                  Assistant U.S. Attorney